UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM K. DIXON,

    Plaintiff,

v.

RUSSELLL A. NEVERDON, SR,[1]
ROBIN WOOLFORD,
RICHARD. S. RODERICK,
LT. JARED ZAIS and
SGT. GREGORY FORNEY,

    Defendants.

Civil Action No. TDC-18-3045

## MEMORANDUM ORDER

William K. Dixon, a prisoner confined at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, seeks an order by this Court remanding Dixon's appeal of an Administrative Remedy Procedure ("ARP") grievance for a hearing before the Maryland Office of Administrative Hearings ("OAH"). Pending before the Court is a Motion to Dismiss filed by Defendants. Upon consideration of the submitted materials, the Court finds that no hearing is necessary to resolve the pending Motion. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

### BACKGROUND

Dixon names former Director Russell A. Neverdon, Sr. of the Inmate Grievance Office ("IGO"), IGO Deputy Director Robin Woolford, Acting NBCI Warden Richard S. Roderick, and

---

[1] The Clerk shall amend the docket to reflect the title and correct spelling of Defendants' names, provided in the above caption.

Correctional Officers Jared Zais and Gregory Forney as Defendants. On May 26, 2016, Dixon filed an Administrative Remedy Procedure grievance ("ARP") in which he asserted that on May 4, 2016, he had been denied equal access to recreation based on a one-time denial of recreation and telephone privileges by correctional officers working the 3 to 11 shift. In fact, as Defendants do not deny, Dixon did not receive recreation and phone privileges due to a shortage of correctional personnel on the 3 to 11 shift who were celebrating "Officer Appreciation Day." Warden Roderick found the ARP to be meritorious in part but denied Dixon's requested relief of $500 and his transfer to another prison. Dixon appealed the Warden's decision up to the IGO and increased his demand for relief to $1,500. In dismissing the appeal. Woolford stated that "[r]estrictions on inmate movements on a single occasion is 'within the normal limits or range of custody which the [criminal] conviction [underlying the custody] has authorized the State to impose,' and does not impose an 'atypical and significant hardship'" in violation of *Sandin v. Conner*, 515 U.S. 472 (1995). Woolford Letter, ECF No. 1-1 at 16. Woolford further found that Dixon failed to identify any federal or state constitutional, statutory, regulatory policy or other prohibition against such restrictions, and did not state a claim for monetary damages or transfer.

Dixon sought review of the IGO dismissal in the Circuit Court of Maryland for Allegany County, arguing in part that Woolford improperly failed to refer the grievance for a hearing before the OAH. The Circuit Court denied his appeal. Dixon then filed the present Complaint.

**DISCUSSION**

Defendants assert that Dixon's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

To the extent that the Complaint asserts that the IGO's failure to refer the matter to the OAH violates Dixon's rights, Dixon has failed to state a claim. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Because prisons do not create a liberty interest protected by the Due Process Clause when they adopt administrative mechanisms for hearing and deciding inmate complaints, an inmate may not assert a claim under 42 U.S.C. § 1983 "alleging denial of a specific grievance process." *Id.*; *see Ewell v. Murray*, 11 F.3d 482, 487–88 (4th Cir. 1993). Thus, Dixon's claim that this Court should require the state court or IGO to refer the matter to an OAH does not state a valid claim for relief. Indeed, to the extent that Dixon asks this Court to compel the state court to remand his grievance to the OAH for a hearing, the Court lacks authority to do so. Although the federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, they have no such authority over state courts or officials.

To the extent that the Complaint can be construed as asserting that the one-time denial of recreation and phone privileges on Officer Appreciation Day violated Dixon's right against cruel and unusual punishment under the Eighth Amendment to the United States Constitution, it similarly fails. A single instance of denial of recreation or the use of the phone, even if not

3

justified, does not rise to the level of a violation of Eighth Amendment. *See In re Long Term Administrative Segregation of Inmates Designated as Five Percenters ("Five Percenters")*, 174 F.3d 464, 471-72 (4th Cir. 1999) (holding that indefinite segregation housing in which inmates "are confined to their cells for twenty-three hours per day without radio or television [and] receive only five hours of exercise per week" did not violate the Eighth Amendment, where the prison continued to provide the inmates with food, shelter, and other necessities and where no physical injury was alleged). Thus, the Complaint fails to state an Eighth Amendment claim.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 8, is GRANTED.

2. The Clerk shall close the case and send a copy of this Order to Dixon.

Date: August 20, 2019

THEODORE D. CHUANG
United States District Judge